UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| NJ BUILDING LABORERS STATEWIDE BENEFIT FUNDS | : |
| and | : |
| TRUSTEES OF NJ BUILDING LABORERS STATEWIDE BENEFIT FUNDS, | : |
| Petitioners, | : |
| v. | : |
| B.F. & SON MASONRY CO. INC., | : |
| Respondent. | : |

CIVIL ACTION NO. 05-5224 (JCL)

**MEMORANDUM & ORDER CONFIRMING ARBITRATION AWARD**

---

**LIFLAND, District Judge**

Petitioners, NJ Building Laborers Statewide Benefit Funds ("Funds") and Trustees of NJ Building Laborers Statewide Benefit Funds ("Trustees") (collectively "Petitioners") filed this petition to confirm an arbitration award against Respondent B.F. & Son Masonry Co. Inc. ("B.F."). For the reasons set forth herein, the arbitration awards will be confirmed and final judgment will be entered.

The Trustees administer the Funds, a trust fund and employee benefit plans within the meaning of the Labor Management Relations Act ("LMRA") and ERISA. (Pet. ¶ 3) B.F. is party to a collective bargaining agreement which requires specified

payments to the Funds to finance benefits for participants and beneficiaries.    (Pet.

¶ 7) B.F. is bound by and to the terms and provisions of the declarations of trust for

the Funds by virtue of the fact that B.F. is obligated to remit contributions to the

Funds.  (Pet. ¶ 8) The declarations of trust allow for the appointment and designation

of arbitrators to render arbitration awards concerning delinquent contributions.  (Pet.

¶ 9; Ex. B) Accordingly, a dispute regarding B.F.'s alleged delinquency in payments

to the Funds was submitted to arbitration.  (Pet. ¶ 10) By Opinion and Award dated

August 24, 2005, the arbitrator determined that B.F. owed $3,729.00 in delinquent

payments, $167.81 in interest, $745.80 in liquidated damages, $876.52 in attorneys'

fees, and $800.00 in arbitration fees for a total of $6,319.13.  (Pet. Ex. C) Since the

date of award, B.F. has failed and refused, in all respects, to comply with the

arbitrator's Opinion and Award.  (Pet. ¶ 13)

       District courts have very little authority to upset arbitrators' awards.  United

Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir.

1995). The Federal Arbitration Act ("FAA") states that where the parties have agreed

that judgment shall be entered pursuant to the decision of the arbitrator, the court

must grant the order unless (1) "the award was procured by corruption, fraud, or

undue means"; (2) there is "evident partiality or corruption" by the arbitrator; (3) the

arbitrator was "guilty of misconduct in refusing to postpone the hearing, upon

sufficient cause shown, or in refusing to hear evidence pertinent and material to the

controversy" or "any other misbehavior by which the rights of any party have been

prejudiced"; or (4) the arbitrator exceeded his powers or failed to reach a "mutual,

final, and definite award."  9 U.S.C. § 10.  Accordingly, a district court may not

vacate an arbitration award absent evidence that the arbitrator's decision was based

on a manifest disregard of the law.  See Local 863 Int'l Bhd. of Teamsters,

Chauffeurs, Warehousemen and Helpers of Am. v. Jersey Coast Egg Producers, Inc.,

773 F.2d 530, 534 (3d Cir. 1985).  The manifest disregard of the law doctrine is a

"strict standard" in which a "reviewing court will decline to sustain an award only in

the rarest case."  Newark Morning Ledger Co. v. Newark Typographical Union, 797

F.2d 162, 165 (3d Cir. 1986).

Section 9 of the FAA authorizes district courts to confirm arbitration awards

as final judgments of the court.  The requirements for service of process for an

application to confirm an arbitration award under the FAA state that:

> Notice of the application shall be served upon the adverse party, and
> thereupon the court shall have jurisdiction of such party as though he
> had appeared generally in the proceeding.  If the adverse party is a
> resident of the district within which the award was made, such service
> shall  be made upon the adverse party or his attorney as prescribed by
> law for service of notice of motion in the same court.

9 U.S.C. § 9.  Here, the record indicates that copies of the Petition were mailed to

B.F. by certified mail, return receipt requested, pursuant to Fed. R. Civ. P. 5(b). The

Court is thus satisfied that Respondent was properly served with process in

accordance with § 9 of the FAA.

The Court also finds that the Board's decision was duly entered.  The written opinion reflects consideration of the evidence presented at the hearing in concluding that B.F. was delinquent in its payments to the Funds during the period covering April 26, 2005 through May 16, 2005.  (Pet. Ex. C) B.F. has not appeared to oppose confirmation of this award, and thus the general policy of upholding arbitration decisions supports confirming the award here.  Because the Court finds the arbitrator's decision is supported by the record, the Court will confirm the arbitration award and enter judgment in favor of Petitioners.

Accordingly **IT IS** on this 7th day of December 2005

**ORDERED** that the Motion of Petitioners NJ Building Laborers Statewide Benefit Funds and Trustees of NJ Building Laborers Statewide Benefit Funds to confirm an arbitration award against Respondent B.F. & Son Masonry Co. Inc. is granted; and it is further

**ORDERED** that judgment in the amount of $6,319.13 is entered in favor of Petitioners NJ Building Laborers Statewide Benefit Funds and Trustees of NJ Building Laborers Statewide Benefit Funds and against Respondent B.F. & Son Masonry Co.

/s/ John C. Lifland, U.S.D.J.

5